IN THE UNITED STATES DISTRICT COURT
FOR THE NORTHERN DISTRICT OF NEW YORK

---

J.P. JEANNERET ASSOCIATES, INC.,

    Plaintiff,

  v.

BOB MANTELLO, *et al.,*

    Defendants.

Civil Action No.
5:09-CV-1280 (DEP)

---

APPEARANCES:                              OF COUNSEL:

FOR PLAINTIFF:

HISCOCK & BARCLAY, LLP           BRIAN E. WHITELEY, ESQ.
One Park Place                           JOHN D. COOK, ESQ.
300 South State St.                   GABRIEL M. NUGENT, ESQ.
Syracuse , NY 13202-2078         JOHN M. NICHOLS, ESQ.

FOR DEFENDANTS:

BLITMAN & KING LLP                JULES L. SMITH, ESQ.
16 West Main St., Suite 207       MICHAEL R. DAUM, ESQ.
The Powers Bldg.
Rochester, NY 14614

PROSKAUER ROSE LLP             MYRON D. RUMELD, ESQ.
Eleven Times Square               ANTHONY S. CACACE, ESQ.
New York, NY 10036

| | |
|---|---|
| CHAMBERLAIN, D'AMANDA LAW FIRM<br>2 State St.<br>1600 Crossroads Bldg.<br>Rochester, NY 14614 | MICHAEL T. HARREN, ESQ. |
| DECARLO, CONNOR & SHANLEY<br>101 Constitution Ave. NW<br>Washington, DC 20001 | BRIAN F. QUINN, ESQ.<br>DANIEL M. SHANLEY, ESQ.<br>DENNIS J. MURPHY, ESQ. |
| CAMPBELL & ASSOCIATES, P.C.<br>99 Tulip Ave., Suite 404<br>Floral Park, NY 11001-1974 | DANIEL T. CAMPBELL, ESQ. |
| BISCEGLIE & DEMARCO, LLC<br>365 Rifle Camp Rd.<br>Woodland Park, NJ 07424 | MARK I. SILBERBLATT, ESQ. |

DAVID E. PEEBLES
U.S. MAGISTRATE JUDGE

ORDER APPROVING SETTLEMENT

Plaintiff J.P. Jeanneret Associates, Inc. ("JPJA"), the manager of the Income-Plus Investment Fund ("Income-Plus"), a tax exempt group trust, commenced this action seeking a declaration from the court, pursuant to 28 U.S.C. § 2201, approving a method for distribution for the remaining assets of Income-Plus.[1] The defendants named in JPJA's complaint are the trustees of thirty-four pension and employee benefit plans that have

---

[1] This matter is before me on consent of all parties, pursuant to 28 U.S.C. § 636(c). Dkt. No. 43.

2

invested in Income-Plus. The need for court intervention to address the method of distribution was necessitated by the discovery of a massive Ponzi scheme perpetrated by Bernard L. Madoff, and the fact that, on or about December 11, 2008, when it was publically announced that Madoff had been arrested and was being prosecuted for his conduct, 39.08 percent of the Income-Plus assets were invested either directly or indirectly with Madoff's company, Bernard L. Madoff Investment Securities ("BLMIS").[2]

As a result of lengthy negotiations, the parties entered into a tentative agreement providing for a method of distributing the remaining assets of Income-Plus.[3] That understanding was memorialized in a settlement agreement, which was submitted to the court on September 7, 2012, on joint motion, for preliminary approval.[4] The motion was granted,

---

[2] One court has described the Madoff Ponzi scheme as a type of fraud whereby "customers of [BLMIS] . . . were led to believe that their monies were being invested in profitable securities transactions, [but] were paid their profits from new monies received from customers, without any actual securities trades taking place." *Picard v. Katz*, 462 B.R. 447, 451 (S.D.N.Y. 2011).

[3] Following discovery of the Madoff fraud, the Income-Plus assets invested in BLMIS were written down to zero by JPJA, and on April 30, 2009, JPJA distributed forty percent of the remaining assets to investors.

[4] All but a small number of the defendant Income-Plus participants signed onto the joint motion.

and the parties were directed to provide written submissions concerning the settlement within ninety days addressing the fairness of its terms.

On March 1, 2013, following an exhaustive review of the tentative settlement by independent fiduciaries retained by the interested parties, defendants filed a memorandum in support of their motion to approve the final settlement agreement. Defendants' motion for court approval of the settlement, however, was opposed by JPJA in a submission filed on March 25, 2013.

On April 17, 2013, a hearing was conducted to address the defendants' motion for approval of the final settlement agreement. Following that hearing, I issued a decision, dated May 28, 2013, finding that, in light of plaintiff's opposition, a final settlement had not been achieved.

A settlement conference was subsequently conducted by the court on July 10, 2013, to further address the matter. That conference, which was attended by counsel for the plaintiffs and a majority of the defendants, resulted in a tentative settlement, the terms of which were placed upon the record. The settlement was subsequently reduced to writing, and submitted to the court on August 2, 2013, for final approval. Following

receipt of that submission, I issued a text order directing that any objections to the proposed settlement be filed on or before August 16, 2013. That date has passed, and no objections have been received by the court.

Based upon my involvement in this matter, including having presided over the fairness hearing conducted on April 17, 2013, and the settlement conference subsequently held on July 10, 2013, I have significant familiarity with the matter. Based upon my knowledge of the case and review of the final settlement agreement, and having determined that the terms of that agreement are fair and reasonable, it is therefore hereby

ORDERED as follows:

(1) The terms of the final settlement agreement in this matter, submitted by the parties to the court on August 2, 2013, are hereby approved.

(2) This action is dismissed in accordance with the terms of the parties' settlement agreement.

(3) The court shall retain jurisdiction of this matter to monitor the effectuation of the settlement agreement and to resolve any disputes that may arise thereunder and will assume full authority, based upon the

parties' consent, to monitor and resolve any disputes that may arise under the terms of this agreement.

Dated:   August 27, 2013
         Syracuse, New York

_____
David E. Peebles
U.S. Magistrate Judge